JOHN J. TREACY, RECEIVER OF THE JEWETT REALTY CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. SAMUEL VIGERSKY, DEFENDANT.

Decided March 18, 1932.

For the plaintiff, *Hudspeth & Harris.*

For the defendant, *Heyman & Heyman.*

ACKERSON, S. C. C. This action is upon a promissory note alleged to have been made by the defendant to the order

of the Jewett Realty Corporation, of which company the plaintiff is receiver.

The matter now comes before me upon a motion to strike the answer, consisting principally of four separate defenses, upon the grounds that the third separate defense is frivolous, and that the balance of the answer and defenses are sham. As to the latter ground, it is sufficient to say that the defendant's affidavit raises questions of fact which save the answer from being stricken out as sham.

With respect to the third separate defense we find that it alleges in substance that the Jewett Realty Corporation, the payee of said note, was engaged in the general business of loaning money and discounting mortgages, contrary to the "General Corporation act" (Revision of Laws, 1896), under which said company was incorporated, and that the note in question was accepted and discounted by said corporation in pursuit of said prohibited business, contrary to the aforesaid statute, and is, therefore, illegal and unenforceable.

The "General Corporation act" (Revision of 1896), does not make a note, discounted by a corporation other than a bank, void, but only prohibits general corporations from engaging in the business of "discounting bills, notes or other evidences of debts," &c. Since the transaction is not, therefore, void, it will not lie in the mouth of this defendant, who has obtained the consideration therefor, from the plaintiff, to urge such a defense. *Campbell* v. *Perth Amboy Ship Building,* 70 *N. J. Eq.* 40; *Fritz* v. *Palmer,* 132 *U. S.* 282; *Earle* v. *American Sugar Refining Co.,* 74 *N. J. Eq.* 763. This defense is therefore frivolous and will be stricken out for that reason. The balance of the answer, however, must stand.

No costs will be allowed on this motion, and the case will be put in the commercial calendar for April, 1932. An order may be presented in accordance with the conclusion thus reached.